UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN H. JONES (#313554)　　　　　　　　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　NO.: 3:11-cv-00099-BAJ-SCR

N. BURL CAIN, ET AL.　　　　　　　　　　C/W 3:11-cv-00161-BAJ-SCR

## ORDER

Before the Court are two related petitions for habeas corpus under 28 U.S.C. § 2254 **(3:11-cv-00099 Doc. 1; 3:11-cv-00161 Doc. 1),** which this Court has consolidated and treated as one, (*see* 3:11-cv-00099 Doc. 3; 3:11-cv-00161 Doc. 5). Initially, the Magistrate Judge issued a **REPORT (3:11-cv-00099 Doc. 21)** recommending that "petitioner's applications for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d)," because neither was filed within one-year of Petitioner's conviction having become final, and Petitioner did not otherwise show "there was a state-created impediment to timely filing or [that] equitable tolling applies." (*See id.* at pp. 8–10). Petitioner filed timely objections to the Magistrate Judge's Report. (3:11-cv-00099 Doc. 22). Upon review, this Court agreed with the Magistrate Judge's finding that Petitioner did not file either of his habeas petitions within one-year of the date when his state court conviction became final, as required for a habeas petition to be timely under 28 U.S.C. § 2244(d)(1)(A). (Doc. 25 at p. 1). However, noting that, among other things, Petitioner claimed that he "is 'actually Innocent' of the substantive offense at issue," (3:11-cv-00161 Doc. 1 at pp. 4–5), this Court remanded to the Magistrate Judge for

consideration whether Petitioner sufficiently proved his actual innocence claim to escape § 2244(d)(1)'s statute of limitations under the Supreme Court's analysis in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).

On remand, the Magistrate Judge's issued a **SUPPLEMENTAL REPORT (Doc. 26),** again recommending that Petitioner's habeas claim failed because Petitioner did not sufficiently prove his actual innocence claim to escape AEDPA's statute of limitations. Specifically, the Magistrate Judge reasoned:

> The petitions cite no new evidence which could support finding that the petitioner is actually innocent of the substantive offense at issue, i.e. attempted second degree murder. Needless to say, the petitions are far from sufficient to find that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Therefore, the petitioner has not overcome the expiration of the AEDPA statute of limitations.

(Doc. 26 at p. 6). Petitioner did not file objections to the Magistrate Judge's Supplemental Report.

Having independently considered Petitioner's **PETITIONS (3:11-cv-00099 Doc. 1; 3:11-cv-00161 Doc. 1),** and related filings, the Court **APPROVES** the Magistrate Judge's **REPORT (Doc. 21)** as supplemented by the Magistrate Judge's **SUPPLEMENTAL REPORT (Doc. 26),** and **ADOPTS** it as the Court's opinion herein.

Accordingly,

2

Case 3:11-cv-00161-BAJ-SCR   Document 8   12/10/13   Page 2 of 3

**IT IS ORDERED** that Petitioner's § 2254 Petitions are **DISMISSED WITH PREJUDICE** for the reasons explained in the Magistrate Judge's Report (Doc. 21) and Supplemental Report (Doc. 26).

Baton Rouge, Louisiana, this 9th day of December, 2013.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**